GRIFFITH, Circuit Judge,
concurring:
I join the court’s well-reasoned opinion. The circumstances that occasion today’s decision lead me to question the wisdom of the open-ended remand without vacatur. In WorldCom, Inc. v. FCC, we opted for such a remedy after concluding that the Federal Communications Commission (“FCC”) had issued an order without establishing statutory authorization. 288 F.3d 429, 434 (D.C.Cir.2002). The FCC ignored our request for a better explanation of its statutory authority, and six years later we are forced to clean up a mess we helped create. There is a lesson here.
Remand without vacatur is common in this circuit, especially after our decision in Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission, 988 F.2d 146, 150-51 (D.C.Cir.1993). But experience suggests that this remedy sometimes invites agency indifference. See Natural Res. Def. Council v. EPA, 489 F.3d 1250, 1262-64 (D.C.Cir.2007) (Randolph, J., concurring) (“A remand-only disposition is, in effect, an indefinite stay of the effectiveness of the court’s decision and agencies naturally treat it as such.”); Kristina Daugirdas, Note, Evaluating Remand Without Vacatur: A New Judicial Remedy for Defective Agency Rulemakings, 80 N.Y.U.L. REV. 278, 301-05 (2005) (describing instances of multi-year delay). Today’s decision is a case in point. After waiting in vain for the FCC to respond to WorldCom of its own volition, we are forced to resort to the “extraordinary remedy” of mandamus to compel the agency to act. In re Bluewater Network, 234 F.3d 1305, 1315 (D.C.Cir.2000). I join in today’s decision to break out the big stick, but I hope that in the future we will take greater care to avoid putting ourselves in situations where doing so is necessary.
In writing separately, I do not address the disputed legality of remand without vacatur under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Compare Checkosky v. SEC, 23 F.3d 452, 462-66 (D.C.Cir.1994) (separate opinion of Silber-man, J.) (declaring the practice lawful), and Sugar Cane Growers Co-op. v. Veneman, 289 F.3d 89, 98 (D.C.Cir.2002) (same), with Checkosky, 23 F.3d at 490-93 (separate opinion of Randolph, J.) (declaring the practice unlawful), and Milk Train, Inc. v. Veneman, 310 F.3d 747, 758 (D.C.Cir.2002) (Sentelle, J., dissenting) (same). I simply urge future panels to consider the alternatives to the open-ended remand without vacatur. See, e.g., A.L. Pharma, Inc. v. Shalala, 62 F.3d 1484, 1492 (D.C.Cir.1995) (remanding without vacatur but ordering a rule “vacated automatically” absent adequate justification from the agency within 90 days); Rodway v. USDA, 514 F.2d 809, 817-18 (D.C.Cir.1975) (remanding without vacatur but ordering “completion of] the new rule-making process within 120 days of the issuance of this opinion”); Cement Kiln Recycling Coal. v. EPA 255 F.3d 855, 872 (D.C.Cir.2001) (per curiam) (vacating regulations *863 but inviting “a motion to delay issuance of the mandate”); Honeywell Int’l, Inc. v. EPA 374 F.3d 1363, 1374-75 (D.C.Cir.2004) (Randolph, J., concurring) (“It is easy to forget that when we vacate and remand, as we are doing here, there will be a safety valve. The agency, and any intervenors on its side, will have the opportunity to file post-decision motions demonstrating why an unlawful order or rule should remain in place during proceedings on remand.”) (citing U.S. Tel. Ass’n v. FCC, 188 F.3d 521, 531 (D.C.Cir.1999)).